**F I L E D**

**PUBLISH**

**December 28, 2005**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

No. 05-1043

JACK LARRY CHERRY, JR.,

Defendant - Appellant.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D. Ct. No. 03-CR-254-RB)**

Stephen M. Wheeler, Wheeler Law Offices, PC, Evergreen, Colorado, appearing for Appellant.

Jerry N. Jones, Assistant United States Attorney (William J. Leone, United States Attorney, with him on the brief), Office of the United States Attorney for the District of Colorado, Denver, Colorado, appearing for Appellee.

Before **TACHA**, Chief Circuit Judge, **HOLLOWAY**, and **HARTZ**, Circuit Judges.

**TACHA**, Chief Circuit Judge.

Following a jury trial, Defendant-Appellant Jack Larry Cherry was

convicted of possession with intent to distribute five or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The District Court sentenced him to the mandatory minimum sentence of ten years' imprisonment. Mr. Cherry timely appeals both his conviction and his sentence. We take jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I. BACKGROUND

On April 10, 2003 at approximately 9:00 p.m., Aurora, Colorado Police Officer David Gallegos saw a vehicle exit a parking lot with its license plate unlawfully displayed in the front window, rather than attached to the front of the vehicle. *See* Colo. Rev. Stat. § 42-3-202(1)–(2). After pulling the car over, Officer Gallegos approached the vehicle and asked the driver, Mr. Cherry, for his driver's license. Mr. Cherry responded that he did not have a license because it had been suspended. Officer Gallegos then shined his flashlight inside the vehicle. He noticed a clear plastic bag containing a large off-white colored rock sitting in an open ashtray. Based on his training and experience, Officer Gallegos believed the rock to be crack cocaine.

Officer Gallegos arrested Mr. Cherry and placed him in the patrol car. He then conducted an inventory search of Mr. Cherry's vehicle and found no implements which are typically used to enable someone to use crack cocaine. The rock found in Mr. Cherry's vehicle was subsequently tested and found to be 11.262 grams of crack cocaine.

On June 3, 2003, a grand jury returned an indictment charging Mr. Cherry with one count of possessing with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The Government subsequently filed a prior felony information pursuant to 21 U.S.C. § 851. The information noted that Mr. Cherry had a prior conviction for using a communications device to facilitate the distribution of cocaine, *see* 21 U.S.C. §§ 843(b) and 841(a)(1), and that this prior felony narcotics offense subjected him to a mandatory minimum of ten years' imprisonment if convicted of the pending charge, *see* 21 U.S.C. § 841(b)(1)(B).

The case went to trial. To support its contention that Mr. Cherry intended to distribute the crack cocaine, the Government called FBI Agent Todd Wilcox to testify that Mr. Cherry had previously pleaded guilty to using a communications device to facilitate the distribution of crack cocaine. Mr. Cherry objected to the testimony, arguing that it was improper under Fed. R. Evid. 404(b) and 609(a).[1] The District Court admitted it as evidence of intent under Rule 404(b). To counter the Government's case, Mr. Cherry took the stand and admitted that he possessed the drugs but denied he intended to distribute them. Mr. Cherry was subsequently found guilty and sentenced to the mandatory minimum of ten years'

---

[1]The District Court held that Fed. R. Evid. 609(a), which applies to impeachment evidence, was inapplicable because the Government presented the disputed evidence during its case-in-chief. Mr. Cherry does not appeal that ruling.

imprisonment. Mr. Cherry appeals both his conviction and his sentence, arguing that the District Court improperly admitted evidence of his prior narcotics conviction and that *United States v. Booker*, 543 U.S. —, 125 S. Ct. 738 (2005) renders mandatory minimum sentences unconstitutional.

## II. DISCUSSION

A.      404(b) Evidence

Mr. Cherry first contends that evidence of his prior conviction was inadmissible under Fed. R. Evid. 404(b). We review a trial court's evidentiary rulings for an abuse of discretion. *United States v. Ramirez*, 63 F.3d 937, 942 (10th Cir. 1995).

Under Rule 404(b), evidence of a defendant's prior crimes, wrongs, or acts is not admissible to prove character and that he acted in conformity therewith. It may, however, be offered to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). "[T]he rule is one of inclusion, rather than exclusion, unless the evidence is introduced for the impermissible purpose or is unduly prejudicial." *United States v. Segien*, 114 F.3d 1014, 1022 (10th Cir. 1997). Evidence of other crimes is admissible if four factors are satisfied: (1) the evidence is offered for a proper purpose; (2) the evidence is relevant; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and (4) upon request, the district court provides an appropriate limiting instruction. *United*

*States v. Brooks*, 161 F.3d 1240, 1243 (10th Cir. 1998) (citing *Huddleston v. United States*, 485 U.S. 681, 691–692 (1988)). We address each factor in turn.

First, the record reveals that the District Court admitted the testimony regarding Mr. Cherry's prior conviction as evidence of Mr. Cherry's intent to distribute the crack cocaine, and, as noted, Rule 404(b) explicitly contemplates the admission of evidence of prior convictions to establish intent. Mr. Cherry argues, however, that the "intent" referred to in Rule 404(b) only relates to a defendant's general intent to commit a crime, not whether he specifically intended to distribute narcotics.[2] *See United States v. Jackson*, 213 F.3d 1269, 1294 (10th Cir. 2000) (acknowledging that possession of a controlled substance with intent to distribute in violation of 18 U.S.C. § 841(a)(1) is a specific intent crime), *vacated on other grounds*, 531 U.S. 1033 (2000). Therefore, according to Mr. Cherry, because he admitted to possessing the crack cocaine the only purpose served by the evidence was to establish his propensity for distributing drugs—which, of course, is prohibited by Rule 404(b).

Mr. Cherry's argument is misplaced. This Court has repeatedly held that evidence of past crimes is admissible to establish specific intent, including intent to distribute in a drug trafficking offense. *See Ramirez*, 63 F.3d at 943 (listing

---

[2]"A specific intent crime is one in which an act was committed voluntarily and purposely with the specific intent to do something the law forbids. In contrast, a general intent crime is one in which an act was done voluntarily and intentionally, and not because of mistake or accident." *United States v. Blair*, 54 F.3d 639, 642 (10th Cir. 1995) (quotation marks and citations omitted).

cases); *see also United States v. Chavis*, — F.3d —, 2005 WL 2994189 at *5 (7th Cir. 2005) (approving the introduction of a prior conviction under Rule 404(b) when offered to prove an intent to distribute drugs rather than to show the defendant's propensity to commit the crime); *United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994) (stating that 404(b) evidence is admissible to prove that defendant possessed a narcotic with specific intent to distribute it). As such, Mr. Cherry's argument must be rejected.[3]

Second, the evidence was clearly relevant. The Government was required to prove, as an element of the crime, that Mr. Cherry intended to distribute the eleven grams of crack cocaine he possessed. In fact, intent was the only element of the crime at issue in the trial, as Mr. Cherry admitted that he possessed the crack cocaine but denied that he intended to distribute it to others. *See Chavis*, — F.3d —, 2005 WL 2994189 at * 4 (stating that "a theory of defense that calls into question intent" makes the evidence relevant). Nonetheless, Mr. Cherry argues that the prior conviction is not relevant because a defendant can violate 21 U.S.C. § 843(b) by using a communication device to buy drugs for personal use, as well as for arranging to sell them, and the underlying indictment charging him with

---

[3]We acknowledge that there is sometimes a fine line between what constitutes forbidden propensity evidence and what constitutes legitimate evidence of intent and that the permissible use of prior convictions to prove intent might have "the potential impermissible side effect of allowing the jury to infer criminal propensity." *See United States v. Macedo*, 371 F.3d 957, 966 (7th Cir. 2004). We are satisfied, however, that when the four *Huddleston* factors are satisfied, the evidence is properly admitted. *See id.*

"knowing distribution" of crack cocaine did not specify whether he was charged with distributing the narcotic to himself or charged with distributing it to others. We decline to adopt this tortured definition of the term "distribute" and hold that, in the context of a drug trafficking case, it means to "intentionally deliver[] [narcotics] to another person." *See United States v. Aguirre*, 108 F.3d 1284, 1289 (10th Cir. 1997). As such, Agent Wilcox's testimony regarding Mr. Cherry's prior conviction for knowing distribution of crack cocaine was relevant to Mr. Cherry's intent with respect to the offense charged. *See* 2 Wigmore on Evidence §302 at 241 (Chadborne rev. ed. 1979) (discussing doctrine of chances).[4]

Third, the District Court explicitly considered the probative value of the evidence and its potential prejudicial effect pursuant to Fed. R. Evid. 403. We afford district courts "broad discretion in making rulings under Rule 403."

---

[4]Mr. Cherry does not argue that his five-year-old conviction is too remote in time to be probative of his intent to distribute narcotics in this case. *See United States v. Becker*, 230 F.3d 1224, 1232 (10th Cir. 2000) (stating that prior narcotics involvement is relevant when that conduct is close in time to the charged conduct; and a six-year-old conviction "transcends our conception of close in time") (quotation marks omitted). In any event, we review the facts and circumstances of each case to determine whether a prior act is stale, *United States v. Shumway*, 112 F.3d 1413, 1421 (10th Cir. 1997), and note that Mr. Cherry spent four of the five intervening years in prison for the prior conduct, during which he obviously had no opportunity to commit other distribution offenses. *See United States v. Adams*, 401 F.3d 886, 894 (8th Cir. 2005) (nineteen-year-old conviction for possession with intent to distribute narcotics relevant when defendant spent eleven years in prison and committed the instant offense four years after being released); *United States v. Hernandez*, 896 F.2d 513, 522–23 (11th Cir. 1990) (six-year-old conviction relevant because defendant had spent much of the interim in prison).

*Ramirez*, 63 F.3d at 943. The District Court concluded that the probative value of the 404(b) evidence was not substantially outweighed by the danger of unfair prejudice, and Mr. Cherry fails to convince us that we should disturb its conclusion on this matter.

Finally, the District Court gave the jury an appropriate limiting instruction. Immediately after Agent Wilcox testified, the District Court admonished the jury that it may only consider the evidence as it related to Mr. Cherry's intent. It instructed the jury that the fact that a defendant previously committed a similar act does not mean that the defendant necessarily committed the act charged in the present case. This instruction appropriately constrained the jury's consideration of the evidence and "[w]e presume jurors will remain true to their oath and conscientiously follow the trial court's instructions." *United States v. Carter*, 973 F.2d 1509, 1513 (10th Cir. 1992). Based on the foregoing, we conclude that the District Court did not abuse its discretion in admitting evidence of Mr. Cherry's prior conviction.

B.     Mandatory Minimum Sentence

Although Mr. Cherry admits that no case law supports his second argument, he maintains that *Booker* renders statutory mandatory minimum sentences unconstitutional because such sentences preclude the application of the sentencing factors set forth in 18 U.S.C. § 3553(a). Mr. Cherry's argument has been foreclosed by this Circuit, *see United States v. Payton*, 405 F.3d 1168, 1173 (10th

Cir. 2005), as well as every other circuit to consider the issue. *See, e.g.*, *United States v. Smith,* 419 F.3d 521, 532 (6th Cir. 2005); *United States v. Bermudez*, 407 F.3d 536, 545 (1st Cir.2005); *United States v. Raad*, 406 F.3d 1322, 1323 n.1 (11th Cir. 2005).

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM both Mr. Cherry's conviction and his sentence.