**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 10, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

JOHNATHAN D. WISHNESKI,

        Plaintiff-Appellant,

v.

DONA ANA COUNTY; ARAMARK
CORRECTIONAL SERVICES, INC.;
KEVIN ANDERSON, Medical Director
of the Dona Ana County Detention
Center; SHIRLEY DOE, Nurse in the
Medical Department; JUAN DOE, Nurse
in the Medical Department; MARLENE
DOE, Medical Technician in the Medical
Department; LIEUTENANT PARIS;
SERGEANT AUSTIN; SERGEANT
GALVAN; OFFICER GRACE GIRON;
OFFICER DE LA TORRE; OFFICER
ROMERO; OFFICER INFANTE;
OFFICER MCDONALD; OFFICER
FERNANDEZ; OFFICER PERKINS;
OFFICER GONZALES; OFFICER
HAINES; OFFICER GERBER;
OFFICER TRIVETT; OFFICER
WHALEN; OFFICER BARRITOES;
NANCY ONTIVEROS, Document
Technician in the Records Department of
the Dona Ana County Detention Center;
ELLEN ORR WITTMAN, P.A.;
LIEUTENANT DEVILBLISS; OFFICER
MALAQUIAS REYES; LT. BENJAMIN
MENDOZA; JOSE ROSALES; ROBERT
L. KARP, M.D.; DOT SMITH;
OFFICER SHELLY RAMOS; OFFICER
HERNANDEZ; OFFICER ROMERO,
(female); SERGEANT GAMEZ;
DR. BENITO GALLARDO; NURSE
JANET OLONA; PENI RENE;

No. 11-2163
(D.C. No. 2:08-CV-00348-MCA-WPL)
(D. N.M.)

LT. JUSTIN PORTER,

        Defendants-Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **O'BRIEN**, Circuit Judges.

---

During a period of 18 months in 2007 and 2008, plaintiff Johnathan D. Wishneski was incarcerated at the Doña Ana County Detention Center (DACDC) in Las Cruces, New Mexico. In March 2008 he filed a complaint in the United States District Court for the District of New Mexico, charging DACDC and its employees, officials, and contractors with numerous violations of his constitutional rights. The district court dismissed or entered summary judgment in favor of the defendants on all of Wishneski's claims except two.

The district court awarded Wishneski summary judgment on his First Amendment "denial of access to information" claim and awarded him a judgment for $1.00 in nominal damages. Also, it denied summary judgment to defendant Justin Porter on Wishneski's claim that he had been retaliated against for filing a lawsuit.

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R App. P. 32.1 and 10th Cir. R. 32.1.

- 2 -

But after a bench trial, it entered judgment in favor of Porter on the retaliation claim as well.

Wishneski now seeks review of several of the district court's orders. We affirm on all issues except his appeal from the denial of his motion for counsel, which we dismiss for lack of jurisdiction.

## ANALYSIS

### 1. Summary-Judgment Dispositions

We review the district court's order of summary judgment de novo, applying the same standard that the district court should apply. *See Helm v. Kansas*, 656 F.3d 1277, 1284 (10th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In conducting the analysis, we "view[ ] all facts [and evidence] in the light most favorable to the party opposing summary judgment." *Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008).

As the defendants note, several of Wishneski's summary-judgment challenges seek review of the district court's order adopting the Proposed Findings and Recommended Disposition entered by a magistrate judge. Wishneski failed to file timely written objections to the magistrate judge's findings and recommendations. By this failure, defendants assert, he waived his right to appeal the following rulings: (1) the dismissal of his excessive-noise complaint; (2) the dismissal of his deliberate-indifference claim concerning treatment of his shoulder injury; (3) the award of only

nominal damages on his denial-of-access-to-information claim; and (4) the dismissal of his "medication" claims against his doctor and psychiatrist.[1]

This court applies a "firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (internal quotation marks omitted). The firm-waiver rule provides that "the failure to make timely objection . . . waives appellate review of both factual and legal questions." *Id.* (internal quotation marks omitted).

Wishneski does not deny having failed to object to the proposed dispositions. But he argues that given his lack of counsel, his lack of knowledge of court rules and procedures, and his limited law-library access, it would make for a "gross miscarriage of justice" if the firm-waiver rule were applied to him. Aplt. Reply Br. at 2-3. This court does recognize an exception to the firm-waiver rule when the "interests of justice" require. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (internal quotation marks omitted). We have stated that this exception is "similar to reviewing for plain error." *Id.* at 1238 (internal quotation marks omitted). To demonstrate plain error, a litigant must show "(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or

---

[1]    The County Defendants also argue that by neglecting to file objections to the magistrate judge's order, Wishneski waived his challenge to the district court's failure to appoint counsel for him. But as we explain later in this order and judgment, the "firm waiver rule" does not apply in this situation; rather, an issue arises concerning our appellate jurisdiction to consider an unappealed magistrate-judge order.

public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

As will be seen, even if the plain-error test were applied to his arguments, Wishneski could not satisfy that test, because he has failed even to show the first element: that the district court's rulings were erroneous.

Wishneski's claims resolved against him on summary judgment involved alleged Eighth Amendment violations. The Eighth Amendment requires prison officials to maintain "humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To demonstrate a violation of this requirement, a prisoner must show two things. First, he must establish that the conditions of confinement posed "a substantial risk of serious harm." *Id.* at 834. Second, he must show that officials acted with a "deliberate indifference" to the risk. *Id.* This second subjective prong requires proof that the officials were actually aware of the risk and that they failed to take "reasonable measures to abate it." *Id.* at 847.

## A. Excessive-Noise Complaint

In his complaint Wishneski alleged that noise levels at the DACDC were "totally unacceptable and create extreme stress disorders and [psychological] stress." R., Vol. 1 at 61. He complained specifically of buzzers used to "sound for count" that were "extremely loud" and were used by the guards repeatedly at times to prod inmates to assemble quickly. *Id.* at 62. In response to the defendants' *Martinez* report, *see Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978) (en banc) (per curiam) (approving "proper [and] necessary" procedure in civil rights cases brought

by federal prisoners of having custodial authorities "undertake a review of the subject matter of the complaint" and prepare a written report to be submitted to the court), he further stated that these buzzers caused "emotional distress, and mental anguish" and that the buzzer in Pod D-2 in particular was "physically harmful to the human ear, and that it literally hurts the ear." *Id.*, Vol. 3 at 142.

The magistrate judge concluded that Wishneski's allegations were insufficient to establish a substantial risk of serious harm or that he suffered substantial pain from the use of the buzzer. We agree that Wishneski failed to establish the sort of substantial risk of serious harm necessary to prove a violation of the Eighth Amendment. We therefore affirm summary judgment on this claim.

### B. Deliberate Indifference in Treatment of Shoulder Injury

While incarcerated at the DACDC, Wishneski was seen by an outside specialist, Dr. Donald R. Watson, for problems involving his left shoulder. After testing, Dr. Watson diagnosed him with bursitis and rotator-cuff inflammation. He prescribed physical therapy exercises with a Thera-Band to strengthen the shoulder.[2] Wishneski complains that over a period of months, the defendants interfered in various ways with his ability to engage in physical therapy exercises with the Thera-Band.

---

[2]     A Thera-Band "is a rubber band about three (3) feet long" used for therapeutic purposes. R., Vol. 1 at 189.

The magistrate judge recommended summary judgment on this claim because there was no showing that Wishneski's failure to receive all the therapy exercises ordered by his doctor "was caused by anything more than negligence or that the officers knew that Wishneski was supposed to do his exercises three times a day." *Id.*, Vol. 3 at 661. The magistrate judge also reasoned that Wishneski had failed to show any additional pain or permanent damage resulting from his inability to do his exercises. Wishneski fails to challenge either of these rationales. We agree that under the facts detailed by the district court, he failed to establish his claim for deliberate indifference. We therefore affirm the district court's order granting summary judgment on this claim.

### C. "Medication" Claims

Wishneski next asks whether the district court properly dismissed his "medication claims against both the Doctor and the psychiatrist." Aplt. Opening Br. at 6. He does not specifically identify these "medication claims," or name the doctor or psychiatrist involved. He does, however, provide some additional argument concerning these claims elsewhere in his brief, where he states:

> [T]he medication claims are self supported by the evidence produced in the Martinez reports. The evidence clearly shows that meds were frequently and purposely changed, disregarded, mishandled, and to[o] often dispensed erroneously and with complete disregard for their needed relief.

*Id.* at 2.

It is difficult to correlate this assertion with any claims actually raised and disposed of in district court. The appellees share our confusion on this point. The County Defendants assert that the medication-claims issue does not appear to relate to any claims against them. Defendants Dr. Benito Gallardo, Dot Smith, Peni Rene and Janet Olona (the medical defendants), who have filed a separate brief, complain that they "are being asked to dig through the record to try to determine whether Wishneski is actually seeking appellate relief against them." Medical Defs' Br. at 11. As best we can discern, Wishneski's claims involving medications raised in district court included (1) his complaint against Dr. Robert L. Karp, a board-certified psychiatrist, for discontinuing his Thorazine, and (2) his complaint against nurse Janet Olona for administering him Tylenol and Vicodin, even though he suffers from Hepatitis C.[3]

The magistrate judge found that Wishneski had failed to show that Dr. Karp acted with deliberate indifference in discontinuing the use of Thorazine to treat Wishneski's problems with anxiety and other nonpsychotic psychological conditions. He noted Dr. Karp's statement that Thorazine is an antipsychotic drug with serious and long-term side effects that make it inappropriate for treatment of "sleep

---

[3]    Wishneski also at one point sought a temporary injunction to compel Ellen Orr Wittman, a member of the medical staff at DACDC, to continue providing him with morphine. The district court, noting Wishneski's transfer to another facility, denied the requested injunctive relief as moot. Although this claim could conceivably be among the "medication" claims alluded to in Wishneski's brief, he makes no appellate argument specifically targeting the district court's mootness rationale. We therefore decline to consider this claim any further.

disorders, simple insomnia, anxiety or nail-biting." R., Vol. 3 at 654. Also, although he discontinued the Thorazine, Dr. Karp treated Wishneski's medical problems with other medications. Wishneski fails to show that the magistrate judge's reasoning on this issue, adopted by the district court, is erroneous in any respect.

The magistrate judge also concluded that although Nurse Olona had administered Tylenol or medications containing Tylenol to Wishneski on more than one occasion, there was "nothing to indicate that Olona or anyone else acted with the level of recklessness required to establish a claim of deliberate indifference" or that he was actually injured by the Tylenol. *Id.* at 656. Again, Wishneski presents no argument whatsoever concerning the magistrate's conclusions in this regard. On these facts, he has failed to make a showing of deliberate indifference. We therefore affirm summary judgment on this issue.

### D. Failure-to-Protect Claim

On June 1, 2008, Wishneski was "attacked and blindsided by a federal inmate," who inflicted on him bruises, abrasions and a broken nose. He argued in district court that he had been deliberately placed in a pod known to house violent individuals and that before the assault he complained about this placement to prison officials, who nevertheless left him in the pod.

To establish liability for an Eighth Amendment failure-to-protect claim, an inmate must first show that the conditions of his confinement posed an objective, "substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Second, he must show

that prison officials had a subjective knowledge of this risk but nevertheless recklessly disregarded that risk. *See id.* at 839-40.

The district court assumed that Wishneski had made a sufficient showing of a substantial risk of serious harm to satisfy the objective component of his deliberate indifference claim. But it then concluded, in an analysis of the evidence covering several pages and separately analyzing the knowledge of each defendant, that Wishneski had failed to establish a genuine issue of material fact concerning whether defendants knew of and recklessly disregarded either the risk of placing him in the allegedly dangerous pod or any specific danger posed to him by the federal inmate, Michael Thompson.

Wishneski's entire appellate argument concerning this issue consists of the following, single sentence in his brief: "Plaintiff believes that the requisite evidence clearly demonstrated that officials knew or should have known of the potential for harm to other inmates by inmate Michael Thompson." Aplt. Opening Br. at 5. The district court carefully analyzed the defendants' knowledge concerning the alleged danger posed by inmate Thompson before the assault on Wishneski. Wishneski fails to cite a single specific fact to challenge this careful analysis. "Without a specific reference, we will not search the record in an effort to determine whether there exists dormant evidence which might require submission of the case to a jury." *Roska ex*

*rel. Roska v. Peterson*, 328 F.3d 1230, 1246 n.13 (10th Cir. 2003).[4]  We agree that on the facts detailed by the district court, Wishneski failed to show deliberate indifference.  We therefore affirm summary judgment on this claim.

### E.  Deliberate-Indifference Claim Against Dr. Rosales

During his time at DACDC, Wishneski suffered from a condition known as phimosis.[5]  Dr. Jose Rosales treated him for this condition, and referred him to an El Paso, Texas, urologist, Dr. Murray M. Vann. Wishneski ultimately underwent a successful circumcision for this problem, performed by Dr. Vann.  He contends, however, that the operation and various other treatments connected with this condition were delayed, causing him to suffer "recurring bleeding, pain, and infection."  Aplt. Opening Br. at 8.

"A prison official violates an inmate's clearly established Eighth Amendment rights if he acts with deliberate indifference to an inmate's serious medical needs—if he knows of and disregards an excessive risk to inmate health or safety."  *Garrett v. Stratman*, 254 F.3d 946, 949 (10th Cir. 2001) (internal quotation marks omitted).  A delay in affording the prisoner medical care can result in such a violation, if the harm caused by the delay is sufficiently serious, and if the defendant's own conduct,

---

[4]  Wishneski does cite generally his motion for summary judgment.  But we found nothing in any of his four summary-judgment motions specifically pertaining to this claim.

[5]  Phimosis is a "[n]arrowness of the opening of the prepuce [of the penis], preventing its being drawn back over the glans."  *Stedman's Medical Dictionary* 1368 (27th ed. 2000).

resulting from his deliberate indifference to the risk of harm, was responsible for the delay in treatment. *See id.* at 949-50 & n.4.

Wishneski argues that Dr. Rosales was deliberately indifferent to the harm caused by his delayed surgery. He complains that the district court uncritically accepted Dr. Rosales' testimony that he did all he could to get Wishneski into surgery. He also complains of delays in scheduling his initial appointment with a urologist, follow-up appointments, and the surgery itself. But he fails to contest the district court's very thorough chronological analysis of the relevant facts, meticulously supported by citations to the medical evidence, which convincingly demonstrates that any delays in treatment of Wishneski's phimosis condition were not attributable to deliberate indifference by Dr. Rosales. We agree with the district court that on the record evidence it cited, "no reasonable jury could find that [Dr.] Rosales acted with deliberate indifference to [Wishneski's] medical condition." R., Vol. 5 at 211. We therefore affirm summary judgment for Dr. Rosales.

### 2. First Amendment Claim--Nominal Damages Award

The magistrate judge concluded that the DACDC's restrictive policies concerning inmate access to books, magazines, and television news violated Wishneski's First Amendment rights. But he recommended that his request for "monetary damages" be denied, and that Wishneski instead be awarded one dollar ($1.00) in nominal damages. The magistrate judge reasoned that Wishneski had failed to establish an actual injury sufficient to entitle him to general damages.

On appeal Wishneski raises two challenges to the district court's award of nominal damages. First, he contends that nominal damages are an insufficient deterrent to future unconstitutional misconduct by DACDC. But this fact alone does not entitle a plaintiff to damages intended to punish the defendant or to deter future misconduct. Punitive damages are available only for conduct motivated by evil motive or intent, or involving reckless or callous indifference to federally protected rights. *See Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1308 (10th Cir. 2003). Wishneski fails to show that he established his entitlement to punitive damages under this exacting standard.

Wishneski also argues that he showed sufficient personal harm from the challenged policies that he should have been awarded compensatory damages. For the necessary proof of harm, he refers us to Document 271 (his "Request for leave to file Interluctory Appeal") and "related documents." We note, first, that there are no "related documents" attached to Document 271. Second, although Document 271 is sworn under penalty of perjury, it is not part of the summary-judgment record. Instead, it is a pleading requesting procedural relief--an interlocutory appeal--which the district court denied for technical reasons unrelated to the merits of Wishneski's arguments about damages. The defendants had no notice that Wishneski would attempt to resurrect the rather cursory allegations contained within this belated, procedurally based pleading to establish a factual basis for his claim for more than

nominal damages.  Thus, it would be unjust to construe this pleading as the equivalent of a (belated) summary-judgment affidavit.

Wishneski cites us to no other evidence concerning his actual damages on his First Amendment claim.  The district court concluded he had shown none.  He has failed to show that the district court's award of nominal damages was clearly erroneous.

### 3.  Retaliation Claim--Exclusion of Witness Testimony at Trial

Wishneski raises a single issue concerning the bench trial on his retaliation claim.  He contends that two of the witnesses perjured themselves when asked whether defendant Lieutenant Justin Porter had ever previously been involved in a disciplinary proceeding.  He wished to enter into evidence a disciplinary report showing that in an incident apparently unrelated to this case, Lieutenant Porter had been reprimanded for failing to secure a prisoner adequately, and for failing to file a report concerning the incident.  This report was excluded as part of the district court's order granting the defendants' second motion in limine.  Although we do not have a transcript containing the district court's reasons for excluding this document, defendants argued in their motion in limine that it was irrelevant in that (1) it did not concern retaliation against inmates and (2) the incident occurred more than a year after Wishneski was discharged from the DACDC.  They also argued that it was inadmissible under Fed. R. Evid. 404(a) and 404(b).

Wishneski does not challenge the district court's *in limine* ruling on these points; instead, he attacks the district court's refusal to permit him to use the disciplinary report at trial for impeachment purposes. Although Wishneski has not provided us with a trial transcript, we will assume that he attempted to re-introduce the disciplinary report at trial for impeachment purposes. He fails to show that the district court's refusal to admit the report represented an abuse of its discretion.

Under Federal Rule of Evidence 403 the district court has broad discretion to exclude evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403; *see United States v. Cherry*, 433 F.3d 698, 702 (10th Cir. 2005). The disciplinary report had nothing to do with Wishneski's case, and could only have served as impeachment evidence on a minor point unrelated to issues in the case. We discern no abuse of the district court's discretion.

### 4.  Appointment of Counsel

Wishneski did not appeal to the district court from the magistrate judge's second order denying appointment of counsel. Ordinarily, "[w]e review a district court's refusal to appoint counsel for an indigent prisoner in a civil case for an abuse of discretion." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). Here, however, a procedural default precludes our review of the magistrate judge's denial of Wishneski's motion.

The district court assigned the magistrate judge to rule on the matter of Wishneski's motion for appointment of counsel. *See* 28 U.S.C. § 636(b)(1)(A) (governing assignment of nondispositive matters). If aggrieved by such an order, the litigant may obtain district-court review. *See id.* This is accomplished by serving and filing objections within 14 days after the objecting party has been served with a copy of the order. Fed. R. Civ. P. 72(a). The district judge may then review the order, setting aside any part of it that is clearly erroneous or contrary to law. *See id.*

A litigant's failure to file objections, however, "strips us of jurisdiction to review the challenged order." *SEC v. Merrill Scott & Assoc.*, 600 F.3d 1262, 1269 (10th Cir. 2010). This is because "a magistrate judge may not issue a final order directly appealable to the court of appeals. Properly filed objections resolved by the district court are a prerequisite to our review of a magistrate judge's order under § 636(b)(1)(A)." *Id.* (internal quotation marks omitted). Because Wishneski did not object to the magistrate judge's second order denying appointment of counsel, there is no final order denying appointment of counsel for us to review. We therefore lack jurisdiction to consider this issue. *See id.* (concluding that failure to file objections to magistrate judge's order deprived this court of jurisdiction to hear appeal from that order).

**5. Catchall Request for Review**

Finally, Wishneski "asks this court to review all issues decided or dismissed by the District Court." Aplt. Opening Br. at 2. He "requests . . . a complete and

thorough [review] of all matters addressed, ruled on, dismissed, or otherwise decided by the District Court from the onset of this complaint." *Id.* at 10.  This is not adequate appellate argument, particularly since it would require us to construct Wishneski's appellate arguments for him, which we cannot do.  We therefore decline his request.  *See, e.g.*, *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[W]e must construe [a pro se litigant's] arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

The judgment of the district court is AFFIRMED in part, and the appeal is DISMISSED in part for lack of jurisdiction.  Mr. Wishneski's motion to proceed on appeal in forma pauperis is GRANTED.

Entered for the Court

Harris L Hartz
Circuit Judge