**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 7, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FRANKLIN GOODWIN, JR.,

Defendant - Appellant.

No. 15-3054
(D.C. No. 2:07-CR-20168-JWL-DJW-24)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

---

Franklin Goodwin, Jr. appeals from the district court's denial of his motion for sentence modification pursuant to 18 U.S.C. § 3582(c)(2), wherein he sought a reduction of his sentence based on Amendment 782 to the United States Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines"). Exercising our

---

[*] The parties have not requested oral argument, and upon examining the briefs and appellate record, this panel has decided that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

jurisdiction under 28 U.S.C. § 1291, and construing Mr. Goodwin's pro se filings liberally, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), we **affirm** the judgment of the district court.

## I

In 2009 a jury convicted Mr. Goodwin of conspiring to manufacture, possess with intent to distribute, and distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and of using a communication device to facilitate a drug-trafficking offense, in violation of 21 U.S.C. § 843(b). The Presentence Investigation Report ("PSR") included a finding that Mr. Goodwin's offense involved 170 grams of cocaine base; it computed an advisory sentencing range of 188 to 235 months' imprisonment under the Guidelines.[1] In calculating this sentencing range, the PSR applied the appropriate section of the Guidelines for violations of 21 U.S.C. §§ 846 and 843(b)—U.S.S.G. § 2D1.1—added a two-level enhancement for possession of a dangerous weapon pursuant to § 2D1.1(b)(1), and took into account multiple prior convictions.

Regarding Mr. Goodwin's prior convictions, the government filed an information pursuant to 21 U.S.C. § 851(a)(1), alleging that Mr. Goodwin had previously been convicted of two felony drug offenses. In doing so, the government obliged the district

---

[1] The Probation Office used the 2008 edition of the Guidelines in preparing the PSR. The parties do not contest the applicability of that edition on appeal, so we use the 2008 edition in conducting our analysis.

court—upon a subsequent judicial finding confirming the existence of those convictions—to sentence Mr. Goodwin "by reason" of them "to increased punishment." 21 U.S.C. § 851(a)(1); *see id.* § 851(d)(1) ("If the person files no response to the information, or if the court determines, after hearing, that the person is subject to increased punishment by reason of prior convictions, the court *shall* proceed to impose sentence upon him as provided by this part." (emphasis added)).  The district court found that Mr. Goodwin had been convicted of two prior felony drug offenses.

At sentencing, the district court adopted the PSR's findings applying U.S.S.G. § 2D1.1.  But, because it found that Mr. Goodwin had been convicted of two prior felony drug offenses, the court imposed a mandatory-minimum sentence of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A).  *See generally* 21 U.S.C. § 841(b)(1)(A) (2006) ("In the case of a violation . . . involving . . . 50 grams or more of a mixture or substance . . . which contains cocaine base . . . .  If any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release . . . .").  A panel of this court affirmed Mr. Goodwin's convictions on direct appeal.  *See United States v. Goodwin*, 433 F. App'x 636, 638–40 (10th Cir. 2011) (unpublished).

Mr. Goodwin subsequently filed the instant motion in the district court under 18 U.S.C. § 3582(c)(2), seeking a reduction of his sentence pursuant to Amendment 782 of the Guidelines.  The district court denied Mr. Goodwin's motion for lack of jurisdiction.

The court explained that it generally lacks jurisdiction to modify a sentence unless authorized by statute. The statute on which Mr. Goodwin relies, 18 U.S.C. § 3582(c)(2), authorizes sentence modification for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" when the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The district court found that Mr. Goodwin's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" because he was sentenced pursuant to a mandatory minimum prescribed by Congress in the Controlled Substances Act, 21 U.S.C. § 801–904. Because Mr. Goodwin remained subject to that mandatory statutory minimum regardless of the application of Amendment 782, the court found that it lacked jurisdiction to reduce his sentence.

This appeal followed.

## II

We review the district court's denial of a sentence reduction under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *See, e.g.*, *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012). In doing so, we review de novo the district court's interpretation of a statute or the Guidelines. *See, e.g.*, *United States v. Rhodes*, 549 F.3d 833, 837 (10th Cir. 2008).

## A

Under 18 U.S.C. § 3582(c)(2), a district court may reduce a defendant's sentence when the Guidelines range has been lowered after sentencing by the U.S. Sentencing Commission. *See United States v. Price*, 438 F.3d 1005, 1006–07 (10th Cir. 2006). Mr. Goodwin argues that the district court abused its discretion when it concluded that Amendment 782 does not authorize a reduction of his sentence pursuant to § 3582(c)(2). However, we conclude that the district court correctly explained why Amendment 782 does not affect Mr. Goodwin's sentence and properly denied his § 3582(c)(2) motion.

Mr. Goodwin is correct that Amendment 782 lowered his ordinarily applicable advisory Guidelines range of 188 to 235 months. Amendment 782 reduced the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses. *See* U.S.S.G., suppl. to app. C, amend. 782 (2014). The Amendment became effective on November 1, 2014, and applies retroactively.

However, we conclude that Mr. Goodwin's motion was properly dismissed because his sentence was a function of a statutorily-prescribed mandatory minimum, not his otherwise applicable advisory Guidelines range. Specifically, after the district court found that Mr. Goodwin had been convicted of two prior felony drug offenses, based on the government's filing of an information pursuant to 21 U.S.C. § 851(a)(1), the court was *required* to impose a sentence of life pursuant to 21 U.S.C. § 841(b)(1)(A) (2006). *See, e.g.*, *United States v. Payton*, 405 F.3d 1168, 1173 (10th Cir. 2005) ("Based on the

-5-

admitted facts in [the defendant's] guilty plea, the district court had no discretion under the statute to do other than impose the mandatory minimum sentence."). And under U.S.S.G. § 5G1.1(b), because the "statutorily required minimum sentence [was] greater than the maximum of the applicable guideline range," the mandatory statutory minimum effectively constituted Mr. Goodwin's Guidelines sentence. U.S.S.G. § 5G1.1(b); *see also, e.g.*, *United States v. Wheeler*, 230 F.3d 1194, 1196 (10th Cir. 2000) ("If the upper limit of the guidelines range is less than seven years, [the defendant] must be sentenced to the mandatory minimum seven-year sentence.").

In short, because the district court held Mr. Goodwin accountable for two prior felony drug offenses, his actual sentence was controlled by the statutory mandatory minimum, and his Guidelines range of 188 to 235 months did not provide even the advisory parameters of his sentence. Consequently, the fact that Amendment 782 had the effect of lowering Mr. Goodwin's advisory Guidelines range was irrelevant and could not avail Mr. Goodwin under 18 U.S.C. § 3582(c)(2). *See, e.g.*, *United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997) ("Mr. Smartt was not sentenced pursuant to the guidelines. Rather, he was sentenced to a statutory mandatory minimum . . . . Mr. Smartt was thus ineligible for a reduction of sentence under section 3582(c)(2)." (citations omitted)).

**B**

Mr. Goodwin also appeals other aspects of his sentence. For example, he challenges whether he was a career offender, whether the use of his prior felony drug convictions to increase his sentence was appropriate, and whether the district court's drug

quantity findings attributable to him were correct.  We conclude that Mr. Goodwin cannot

prevail on these claims.

The district court correctly found that it lacks jurisdiction to reach the merits of

these claims because "§ 3582(c)(2) does not authorize a resentencing.  Instead, it permits

a sentence reduction within the narrow bounds established by the Commission. . . .

Because the aspects of his sentence that [Mr. Goodwin] seeks to correct were not affected

by the Commission's amendment to § 2D1.1, they are outside the scope of the proceeding

authorized by § 3582(c)(2), and the District Court properly declined to address them."

*Dillon v. United States*, 560 U.S. 817, 831 (2010) (citation omitted).

## C

In addition, for the first time in his reply brief,[2] Mr. Goodwin argues that *United

States v. Booker*, 543 U.S. 220 (2005), nullified the mandatory effect of statutory

minimum sentences.  In *Booker*, the Supreme Court held that the Guidelines are not

mandatory but merely advisory.  *Booker*, 543 U.S. at 245.  We find Mr. Goodwin's

argument predicated on *Booker* unavailing.

*Booker* held that the sentencing ranges of the *Guidelines* are not mandatory, but

did nothing to negate the mandatory effect of the statutory sentences prescribed by

Congress in the Controlled Substances Act.  *See, e.g.*, *United States v. Cornelius*, 696

---

[2]     "[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief."  *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007).  However, we exercise our discretion to consider this late-blooming argument.

F.3d 1307, 1326 (10th Cir. 2012) ("[A] district court has no discretion to depart from a statutorily mandated minimum sentence under 21 U.S.C. § 841, since statutory minima were not rendered merely advisory by *United States v. Booker* . . . ."); *accord United States v. Cherry*, 433 F.3d 698, 702 (10th Cir. 2005); *Payton*, 405 F.3d at 1173. Furthermore, *Booker* had no impact on the sentence-modification vehicle prescribed by § 3582, and is inapposite in this context. *See, e.g.*, *United States v. Pedraza*, 550 F.3d 1218, 1220 (10th Cir. 2008) (noting that "*Booker* [did] not touch[] § 3582(c)(2)"); *accord Price*, 438 F.3d at 1007. At bottom, because *Booker* did nothing to nullify the mandatory effect of *statutory* minimum sentences, Mr. Goodwin's reliance on *Booker* is fundamentally misguided.

### III

For the foregoing reasons, we **AFFIRM** the district court's denial of Mr. Goodwin's motion for sentence modification.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

-8-