**UNITED STATES COURT OF APPEALS**

**January 6, 2016**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JULIUS LEE TURRENTINE,

      Defendant - Appellant.

No. 15-6082
(W.D. Okla.)
(D.C. Nos. 5:14-CV-00737-HE &
5:12-CR-00001-HE-1)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **BALDOCK** and **HARTZ**, Circuit Judges.

Defendant Julius Lee Turrentine, a federal prisoner, was convicted in March 2012

of conspiracy to possess with intent to distribute five or more kilograms of cocaine. *See*

21 U.S.C. §§ 846 and 841(b)(1)(A). He was sentenced to 240 months' imprisonment.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

After we affirmed his conviction, *see United States v. Turrentine*, 542 F. App'x 714 (10th Cir. 2013) *cert. denied*, 134 S. Ct. 1356 (2014), he filed an unsuccessful motion in the United States District Court for the Western District of Oklahoma under 28 U.S.C. § 2255. We granted a certificate of appealability (COA), *see* 28 U.S.C. § 2253(c)(1)(B), to permit him to appeal on one question: "Whether appellate counsel was ineffective in failing to appeal from the denial of trial counsel's objection to the admission into evidence of the Defendant's prior conviction under Federal Rule of Evidence 404(b)." Order, July 27, 2015. We affirm.

Defendant's offense was discovered in November 2011 when he was stopped in Oklahoma for failure to signal as he exited to a toll plaza. *See Turrentine*, 542 F. App'x at 715–16. The car had been rented by his passenger, Jimmie Johnson. *See id*. at 716. After Defendant and Johnson gave differing accounts of their current travels, they were detained while a trained dog was brought to their vehicle. *See id.* The dog alerted to the presence of narcotics, and a search led to the discovery of 11 kilograms of powder cocaine hidden in the vehicle. *See id.*

Before trial the government notified Defendant that it planned to introduce evidence of a prior conviction to prove intent, knowledge, and absence of mistake. Defendant had pleaded guilty in 1999 in California federal court to conspiracy to possess with intent to distribute cocaine—the same offense as in his present case—and was sentenced to 108 months' (nine years') imprisonment. Defense counsel objected, arguing that the conviction bore no similarity to the current offense, that it was too remote in

2

time, and that its probative value was substantially outweighed by its improper prejudicial effect. The judge admitted the evidence, and Defendant was convicted. Counsel appealed but did not raise the Rule 404(b) issue. The question before us is whether omission of that issue constituted ineffective assistance of appellate counsel. We hold that it did not.

To prove that appellate counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), Defendant must show "(1) constitutionally deficient performance, by demonstrating that his appellate counsel's conduct was objectively unreasonable, and (2) resulting prejudice, by demonstrating a reasonable probability that, but for counsel's unprofessional error(s), the result of . . . the appeal . . . would have been different." *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003). Although "[a] claim of appellate ineffectiveness can be based on counsel's failure to raise a particular issue on appeal, . . . counsel need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.* (internal quotation marks omitted). The strength of the omitted issue guides our assessment of the ineffectiveness claim. "If the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance." *Id.* "[I]f the omitted issue has merit but is not so compelling, the case for deficient performance is more complicated, requiring an assessment of the issue relative to the rest of the appeal, and deferential consideration

3

must be given to any professional judgment involved in its omission." *Id.* And "if the issue is meritless, its omission will not constitute deficient performance." *Id.*

Defendant contends that the evidence of his prior conviction was clearly inadmissible. He argues that the prior offense was too remote in time and too dissimilar to be relevant, and that it was introduced only to show bad character and propensity to commit drug crimes. In particular, he contends that the district court improperly discounted the 12-year lapse between his prior conviction and his present offense by subtracting the period he was incarcerated.

But there were sound reasons for his counsel to think that the chance of success on this issue was slim. To begin with, our standard of review of the district court's decision is quite deferential. We review a decision to admit evidence under Rule 404(b) for abuse of discretion and "[w]e will not reverse a district court's ruling if it falls within the bounds of permissible choice in the circumstances and is not arbitrary, capricious or whimsical." *United States v. Moran*, 503 F.3d 1135, 1143 (10th Cir. 2007) (internal quotation marks omitted). In *Moran* we addressed the decision to admit a 1994 conviction for possession of a firearm to show "knowledge, intent, and absence of mistake or accident" in the trial for a 2005 offense of being a felon in possession of a firearm. *Id.* at 1139, 1144. Although the defendant argued that "the past conviction was not similar enough in nature or close enough in time to the charged offense," we held that the district court did not abuse its discretion in admitting it to show knowledge that a rifle was in the backseat of his girlfriend's vehicle. *Id.* at 1144–46; *see id.* at 1146 ("The

4

closeness in time and the similarity in conduct were matters left to the trial court, and its decision will not be reversed absent a showing of abuse of discretion." (brackets and internal quotation marks omitted)).  A panel of this court has since expressed some discomfort with *Moran*, *see United States v. McGlothin*, 705 F.3d 1254, 1263–64 n.13 (10th Cir. 2013), but that was after Defendant's attorney filed his brief in his criminal appeal.

Second, Defendant's argument that the conviction was too remote in time is not compelling.  We have affirmed district-court decisions excluding the time of incarceration because during this period the defendant "obviously had no opportunity to commit other distribution offenses." *United States v. Cherry*, 433 F.3d 698, 702 n.4 (10th Cir. 2005); *see United States v. Brooks*, 736 F.3d 921, 940 (10th Cir. 2013); *United States v. Adams*, 401 F.3d 886, 894 (8th Cir. 2005) (15-year-old narcotics conviction relevant when defendant committed instant offense four years after being released). Defendant had been in custody for all but about three years between his 1999 conviction and his 2011 offense.[1]

Further, the evidence of Defendant's prior conviction had special relevance in this case.  One of the central issues at trial was whether Defendant knew of the presence of the cocaine hidden in the rented vehicle.  Minutes after officers found the drugs, but before they had advised him of what they had found, Defendant said to himself "Nine

---

[1] Besides serving his nine-year sentence on the cocaine conviction, Defendant spent two-and-one-half years incarcerated on a federal money-laundering conviction.

5

Years, Julius.  Nine Years."  That statement would make little sense to the jury except that Defendant had previously been convicted on a cocaine charge and sentenced to nine years' imprisonment.  This statement is compelling evidence of knowledge.

In our view, a reasonably competent attorney could have thought that raising the Rule 404(b) claim on appeal would do little more than distract this court from more valuable arguments.  And this appears to be what Defendant's counsel on direct appeal decided as well.  She submitted in the § 2255 proceeding an affidavit explaining why she did not raise the issue on appeal.  It stated in part: "After reviewing possible claims for Mr. Turrentine's appeal, I decided to focus on challenges to the trooper's alleged basis for the traffic stop and the trooper's alleged justification to prolong the detention." Teresa K. Brown Aff. ¶ 3 (D. Ct. Doc. 142-2).  Notably, succeeding on the issue that was raised would have led to suppression of the only physical evidence and in all likelihood would have ended the prosecution against Defendant.  Because the Rule 404(b) claim was not clearly meritorious, we must give "deferential consideration" to this strategic choice by his counsel on direct appeal.  *Cargle*, 317 F.3d at 1202.  We cannot say that this was deficient performance.

We AFFIRM the district court's denial of Defendant's claim of ineffective assistance of appellate counsel for failure to raise the Rule 404(b) issue.

We also DENY a COA on the two other issues raised in this court by Defendant. He relies on *Rodriguez v. United States*, 135 S. Ct. 1609 (2015), to challenge the extended detention of his vehicle; but on his direct appeal we held that continuation of

6

the stop was supported by reasonable suspicion. *See Turrentine*, 542 F. App'x at 720.

And he challenges the failure of his counsel to appeal the district court's exclusion of

impeachment evidence on a collateral matter; but the court's ruling was clearly within its

proper discretion.

Appellant's motion to proceed *in forma pauperis* is GRANTED.


ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge


7