**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 7, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

VICTOR LINDSEY,

     Defendant - Appellant.

No. 15-2212
(D.C. No. 2:01-CR-00588-MCA-3)
(D. N. Mex.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON,** and **BACHARACH**, Circuit Judges.
_____

Federal prisoner Victor Lindsey appeals the district court's denial of his motion

for a sentence reduction under 18 U.S.C. § 3582(c)(2). His appointed counsel has

submitted an *Anders* brief stating this appeal presents no non-frivolous grounds for

reversal. We have carefully reviewed the record, and we agree. Exercising jurisdiction

under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

# I.  BACKGROUND

## A.  *Conviction and Sentence*

In 2002, Mr. Lindsey was convicted of possession and distribution of cocaine base and marijuana, two firearm offenses, and conspiracy.  The district court sentenced him to 181 months in prison.  When his federal sentence ends in July 2016, he will begin a life sentence in Michigan state prison for a murder conviction.  Mr. Lindsey has an extensive history of prison misconduct, including eight instances of mail abuse.  *United States v. Lindsey*, No. 2:01-cr-00588-MCA (D.N.M. 2003), ECF No. 412-1 at 3-21 (listing Mr. Lindsey's disciplinary actions).

## B.  *Motion to Reduce Sentence*

Mr. Lindsey has filed seven motions seeking a sentence reduction.  *Id.*, ECF Nos. 350, 373, 396, 399, 402, 404, 406.  This appeal arises out of the district court's denial of his § 3582(c)(2) motion filed on January 20, 2015, which sought a reduction based on Amendment 782.

On October 16, 2015, the court held a motion hearing.  Mr. Lindsey, through counsel, contended he did not pose a threat to public safety because his life sentence in Michigan prison will begin immediately after his federal imprisonment ends.

On October 30, 2015, the district court denied the motion after considering the 18 U.S.C. § 3553(a) factors and concluding Mr. Lindsey did not warrant a sentence reduction based on his criminal history and prison misconduct.

On November 9, 2015, Mr. Lindsey filed a notice of appeal.

## C. **Anders** *Brief*

On March 28, 2016, Mr. Lindsey's appointed counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which

> authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous. Under *Anders*, counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The Court must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citations omitted).

Counsel indicated "[t]he only potential issue is whether the District Court abused its discretion in denying Mr. Lindsey's motion for reduction of sentence." *Anders* Brief at 4. But counsel stated that argument was not meritorious and therefore sought to withdraw given the absence of non-frivolous arguments on appeal.

## D. *Mr. Lindsey's Response*

Mr. Lindsey filed a response to the *Anders* brief. He argues his appellate counsel has been ineffective because he (1) failed to investigate "newly discovered evidence," (2) filed the *Anders* brief even though he argued Mr. Lindsey's sentence should be reduced at the October 30, 2015 hearing, and (3) failed to contact or visit Mr. Lindsey. Response at 2-4.

## II. **DISCUSSION**

### A. *Sentence Reduction*

### 1. **Standard of Review**

"The scope of a district court's authority in a sentencing modification proceeding under § 3582(c)(2) is a question of law that we review de novo. We review a denial of a § 3582(c)(2) motion for abuse of discretion." *United States v. Lucero*, 713 F.3d 1024, 1026 (10th Cir. 2013) (quotations, citation, and brackets omitted).

### 2. **Legal Standard**

Federal courts are generally prohibited from "modify[ing] a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But when the sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," district courts "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(2).

Amendment 782 to the Guidelines went into effect on November 1, 2014, U.S.S.G. app. C suppl., amend. 782 at 74 (2015), and "reduced the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses." *United States v. Goodwin*, No. 15-3054, 2015 WL 7974633, at *2 (10th Cir. Dec. 7, 2015) (unpublished); *see* 10th Cir. R. 32.1(A) (permitting citation to unpublished decisions for their persuasive value). The amendment applies retroactively. U.S.S.G. § 1B1.10(a)(2)(A), (d); *United States v. Kurtz*, No. 15-2140, 2016 WL 1212066, at *3 (10th Cir. Mar. 29, 2016).

Although an amendment to the Guidelines make a prisoner "*eligible* for a sentence reduction under § 3582(c)(2)," it "in no way creates a *right* to sentence reduction." *United States v. Osborn*, 679 F.3d 1193, 1195-96 (10th Cir. 2012) (emphasis in original).

3. **Analysis**

The sole basis for Mr. Lindsey's motion for reduction was that he did not pose a danger to public safety. *See* 18 U.S.C. § 3553(a)(2)(c) (stating district courts "shall consider" "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"). The district court considered the § 3553(a) factors and concluded a sentence reduction was not warranted. In particular, the court determined Mr. Lindsey posed a threat to the public based on his violent past and history of prison misconduct.

Consistent with § 3582(c)(2), the court considered the § 3553(a) factors in analyzing whether to reduce the sentence and "state[d] the reasons for its actions." *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996). We have reviewed the record and discern no basis to conclude the district court abused its discretion in denying Mr. Lindsey's motion for reduction of sentence.

### B. *Ineffective Assistance of Counsel*

Mr. Lindsey contends his appellate counsel was ineffective. In *United States v. Galloway*, we stated, "Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." 56 F.3d 1239, 1240 (10th Cir. 1995). There are "rare instances" when "an ineffectiveness of counsel claim may need no further development prior to review on direct appeal." *Id.* This is not one of

them.  There is no developed record or district court opinion on the matter.  Mr. Lindsey must raise the argument in a collateral proceeding.

## III. **CONCLUSION**

Our independent review of the record uncovered no potentially meritorious arguments.  We therefore grant counsel's motion to withdraw and dismiss this appeal.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge