**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

BRAD SKINNER, on his own behalf
and on behalf of all other persons
similarly situated,

      Plaintiff,

DERRICK R. PARKHURST,

      Appellant,

v.

JUDITH UPHOFF, Director, Wyoming
Department of Corrections
("WDOC"); VANCE EVERETT,
Complex Administrator, Wyoming
State Penitentiary ("WSP"); JAMES
HEWITT, Security Officer, WSP;
DAVID EBELL, Security Officer,
WSP, in his individual and official
capacities; SCOTT ABBOTT, Warden,
WSP; ROBERT E. ORTEGA,
Director, WDOC, in his official
capacity,

      Defendants-Appellees.

No. 05-8098
(D.C. No. 02-CV-033-B)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the

(continued...)

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

This *pro se* appeal challenges the district court's denial of a motion for relief from judgment and other various motions filed by ten members of a civil rights class consisting of all current and future inmates at the Wyoming State Penitentiary ("WSP"). The ten class members filed the motions following the grant of summary judgment and award of injunctive and declaratory relief in favor of the plaintiff class members generally. One of those ten class members, Derrick Parkhurst, appeals. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we AFFIRM.

## I.  BACKGROUND

Mr. Parkhurst was a member of a certified class of inmates that included all current and future inmates of WSP in an action challenging conditions at WSP. The class asserted various civil rights claims against various Wyoming corrections officials (collectively, "Defendants"), seeking injunctive relief requiring Defendants to take all necessary and proper steps to protect the class

*(...continued)
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

from assaults by other inmates. Stephen Pevar, an attorney employed by the American Civil Liberties Union Foundation, represented the class.

On November 27, 2002, the district court granted summary judgment in favor of the plaintiff class members, awarding injunctive and declaratory relief. The court then approved a remedial plan, which sought to improve inmate safety at WSP by requiring Defendants to: 1) adequately supervise and train WSP staff; 2) develop an effective internal review process for reporting policy violations; and 3) discipline malfeasant employees.

On August 18, 2005, Derrick R. Parkhurst and nine other class members filed a *pro se* motion for relief from judgment, asking the district court to set aside its grant of summary judgment and to re-open the case for litigation on the issue of overcrowding at WSP because the class attorney had failed to notify the class members of the underlying class action suit. They also requested that the district court recuse itself and appoint new class counsel. After a hearing, the district court denied the motions. This *pro se* state prisoner appeal, filed by Mr. Parkhurst, followed.

## II. DISCUSSION

This appeal raises a very narrow issue: whether the district court erred in denying the motions for relief from judgment, the motion for appointment of new

counsel, or the motion for recusal with regard only to the underlying civil rights class action. We review each of those denials in turn.

## A. Rule 60(b) Motion for Relief from Judgment

On appeal, Mr. Parkhurst contends that the district court erred by denying his and nine other class members' request for relief from the district court's November 27, 2002 judgment in favor of the plaintiff class members. Specifically, he argues that he and these other class members were given inadequate notice at every critical stage of the proceeding. He argues that, due to this lack of notice, the judgment in favor of the plaintiff class members does not adequately address the problem of overcrowding at WSP. He therefore contends that he and the other prisoners should not be bound by the district court's judgment. Reviewing the district court's denial for an abuse of discretion, Sorbo v. United Parcel Serv., 432 F.3d 1169, 1177 (10th Cir. 2005), we affirm the district court's decision.

### 1. Notice of critical stages of the class action proceedings

Federal Rule of Civil Procedure 23 governs class actions in federal court. That rule expressly requires notice only in actions certified under Rule 23(b)(3); that is, where damages are being sought for the class. See Fed. R. Civ. P. 23(c)(2)(B). Where, as here, a class is certified under Rule 23(b)(2), notice is

discretionary.[1]  See Fed. R. Civ. P. 23(c)(2)(A) ("For any class certified under Rule 23(b)(1) or (2), the court *may* direct appropriate notice to the class.") (emphasis added).  Thus, Rule 23 did not require that any notice be given.  Shook v. El Paso County, 386 F.3d 963, 972 (10th Cir. 2004) (quotations omitted).[2]

The district court in this case did not direct that any notice be given to the class in this case.  The Committee Note to Rule 23 cautions that the district court

[1]  Mr. Parkhurst alleges that courts appear to be in disarray on the requirement of notice to class members in cases brought under Rule 23(b)(1) or (b)(2).  The majority of cases to which we presume Mr. Parkhurst is referring were all decided before Rule 23 was amended in 2003 and the provision in Rule 23(c)(2)(A) added.  Prior to that time, Rule 23(c)(2) expressly dealt only with notice in Rule 23(b)(3) actions.  As a result, prior to the 2003 amendments, courts reached inconsistent results as to whether members of classes certified under 23(b)(1) or 23(b)(2) must also be given notice.

We note that even after the 2003 amendments some courts have expressed concerns regarding the constitutionality of not providing notice to class actions for monetary relief that are certified under Rule 23(b)(2).  Reeb v. Ohio Dep't of Rehab. and Corr., 435 F.3d 639, 658 (6th Cir. 2006) (Keith, J., dissenting); see also In re Monumental Life Ins. Co., 365 F.3d 408, 416-17 (5th Cir. 2004) ("Though rule 23 does not explicitly extend these safeguards to rule 23(b)(2) classes, due process requires the provision of notice *where a rule 23(b)(2) class seeks monetary damages.*").  Here, however, the plaintiff class members sought and the court awarded only injunctive relief.

[2]  Notice was also not required under Fed. R. Civ. P. 23(e) because this case was resolved by summary judgment, not by a settlement or compromise.  See Fed. R. Civ. P. 23(e)(1)(B) ("The court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise.").

- 5 -

must exercise the discretion granted by Rule 23(c)(2)(A) with care, for several reasons:

> there may be less need for notice than in a (b)(3) class action. There is no right to request exclusion from a (b)(1) or (b)(2) class. The characteristics of the class may reduce the need for formal notice. The cost of providing notice, moreover, could easily cripple actions that do not seek damages. The court may decide not to direct notice after balancing the risk that notice costs may deter the pursuit of class relief against the benefits of notice.

Fed. R. Civ. P. 23, advisory committee's note (2003 amendments). Here, the plaintiff class members sought only injunctive relief in their civil rights class action suit, and the district court stated that it "did not see fit to require notice to all potential class members." Accordingly, solely for purposes of the class action, we conclude that the district court did not abuse its discretion under Rule 23 by not directing that notice of the class action proceedings be given to members of this (b)(2) class. As a result, we also conclude that the district court did not abuse its discretion by denying Mr. Parkhurst's Rule 60(b) motion for relief from judgment.

Our decision, however, is very limited. We hold only that, with regard to the underlying class action in this case, the district court did not abuse its discretion by denying Mr. Parkhurst or the other nine members of the class relief from the court's judgment in favor of the plaintiff class members. We do not address whether the district court's judgment has any *res judicata* effect on future

claims members of the class may decide to raise in a subsequent proceeding.[3] We

therefore also do not address whether due process concerns regarding the

adequacy (or lack thereof) of notice to the class members may itself preclude any

*res judicata* effect. Under the circumstances of this case, we believe that those

issues would be more appropriately resolved in a proceeding where one of the

class members, if one of the members chose to do so, actually asserts such a claim

against the Defendants, rather than attempting to resolve such hypothetical issues

on appeal from the denial of a motion for relief from judgment.

In short, we conclude only that the district court did not abuse its discretion

by denying Mr. Parkhurst's Rule 60(b) motion for relief from judgment, and we

affirm.

### 2. Notice of hearing on Rule 60(b) motion for relief from judgment

Mr. Parkhurst argues on appeal that the district court erred in forcing him

to attend the hearing on the Rule 60(b) motion for which he was given only one

---

[3] We note that the district court stated, in its Rule 60(b) order denying Mr. Parkhurst and the nine other members of the class relief from judgment in favor of the plaintiff class members, that "[o]vercrowding is not, and never has been, an issue in this case." Additionally, the Government conceded in its brief on appeal that "[t]he district court's summary judgment order did not address the merits of the overcrowding issue. Therefore, the first element of *res judicata* is not present, so *res judicata* does not apply." These issues will need to be resolved in a relevant subsequent proceeding.

hour's notice.[4]  At the hearing, Mr. Parkhurst protested the "surprise" of the hearing, claiming that he did not "even know what we're . . . hearing."  We agree with the Defendants that the appropriate remedy would have been to request a recess or a continuance to allow Mr. Parkhurst to prepare.  See Faigin v. Kelly, 184 F.3d 67, 85 (1st Cir. 1999) ("[T]he most efficacious remedy for litigatory surprise is to seek a continuance at the time the surprise emerges.").  Yet Mr. Parkhurst, a *pro se* movant, requested neither a recess nor a continuance.  In any event, we conclude that Mr. Parkhurst was not prejudiced because, for the same reasons discussed earlier, his motion was meritless.

### B.    Class Counsel

Mr. Parkhurst also challenges the representation provided by Mr. Pevar, the class counsel.  First, Mr. Parkhurst argues that the district court erred in permitting Mr. Pevar to argue against the Rule 60(b) motion.  Second, Mr. Parkhurst argues that the district court erred by refusing to appoint new counsel because Mr. Pevar failed to give notice to the class members and argued against re-opening the civil rights class action suit at the hearing on the Rule 60(b)

---

[4]  It is not clear from the record whether Mr. Parkhurst received one or two hours' notice of the hearing; however, because we conclude that Mr. Parkhurst was not prejudiced by the limited notice, we will assume for purposes of our analysis that he was given only an hour's notice.

motion. We reject both of these arguments and affirm the district court's decision.

### 1. Mr. Pevar's presentation of arguments refuting Parkhurst claims in the Rule 60(b) motion for relief from judgment

Mr. Pevar, in responding to the motion for relief from judgment, argued that he had adequately represented the class and that Mr. Parkhurst and the other nine class members were not entitled to the relief they sought. On appeal, Mr. Parkhurst argues that the district court erred in permitting Mr. Pevar to make these arguments because they went against the interests of those class members who jointly filed the Rule 60(b) motion. We note first that Mr. Parkhurst did not object to Mr. Pevar's legal arguments at the hearing on that motion. Additionally, assuming that permitting Mr. Pevar to assert his legal arguments at the hearing was error, Mr. Parkhurst was not prejudiced. Mr. Pevar's arguments were not detrimental to any of the class members because, for the reasons discussed earlier, the motion for relief from judgment was meritless.

### 2. Appointment of new counsel

Mr. Parkhurst also argues that new class counsel should have been appointed under Fed. R. Civ. P. 23(g) and 28 U.S.C. § 1915. Assuming Mr. Parkhurst, who was not the designated plaintiff in the underlying class action suit, may raise such a request, we conclude that the district court correctly denied it.

We therefore also deny Mr. Parkhurst's renewed motion on appeal for appointment of counsel.

Rule 23(g) requires appointment of class counsel where a class has been certified under Rule 23, unless otherwise provided by statute. See also Rule 23(c)(1)(B) (requiring appointment of class counsel when district court certifies class). In this case, the district court appointed Mr. Pevar. According to Mr. Parkhurst, however, Mr. Pevar has done "a woefully inadequate job in this case;" failed to "take his professional duties seriously;" "was derelict to the point where it could be argued that he sold his clients out;" "was grossly negligent;" "did not represent the Plaintiff class at all;" and attempted to "lead [Mr. Parkhurst] down the garden path." Mr. Parkhurst therefore contends that the district court erred by refusing to appoint *new* counsel to represent the inmates of WSP.

We reject Mr. Parkhurst's characterization of Mr. Pevar's representation and instead agree with the district court's characterization. As the district court described, "Mr. Pevar has done a tremendous job representing the inmates of WSP in this case. He has been a zealous advocate from the beginning and, as a result of such efforts, has been a tremendous force in improving the conditions at WSP." The district court therefore ruled that "Mr. Pevar's representation [was] more than adequate in this case" and found "no reason to replace [him] with alternate counsel." Because we agree, and because we have additionally rejected

Mr. Parkhurst's claim that Mr. Pevar failed to give adequate notice to the class members and improperly argued against the class members' interests, we affirm the district court's refusal to appoint new class counsel. For the same reasons, we also deny Mr. Parkhurst's renewed motion on appeal for appointment of counsel to represent the inmates of WSP in this matter.

To the extent that Mr. Parkhurst also argues that counsel should have been appointed to represent him in arguing the Rule 60(b) motion and/or other various motions, we affirm the district court's refusal.[5] In <u>McCarthy v. Weinberg</u>, 753 F.2d 836 (10th Cir. 1985), we held that 28 U.S.C. § 1915(d) vests the district court with considerable discretion whether to appoint counsel. "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." <u>Id.</u> at 839. In determining whether to appoint counsel, the district court must consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." <u>Long v. Shillinger</u>, 927 F.2d 525, 527 (10th Cir. 1991). Because we have found all of Mr. Parkhurst's motions before the district court to be meritless, we hold

---

[5] We note that Mr. Parkhurst and the nine other members of the class have neither been certified as a separate class nor requested class certification, and thus they do not independently invoke the requirements of appointed class counsel under either Rule 23(c)(1)(B) or 23(g).

that he has not successfully demonstrated that his is an extreme case meriting an appointment of counsel. Accordingly, the district court did not abuse its discretion, and we therefore affirm the district court's refusal to appoint counsel under § 1915.

### C. Recusal of the District Court Judge

Mr. Parkhurst contends that the district court should have recused himself from the proceedings underlying this appeal. "We review the denial of a motion to recuse for abuse of discretion . . . ." Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n, 328 F.3d 638, 645 (10th Cir. 2003). We cannot say that the district judge's decision not to recuse himself in this case was "manifestly unreasonable, much less arbitrary, capricious, or whimsical." Id.

Even if it were an abuse of discretion, we would conclude that the error was harmless. "In deciding whether a violation of [28 U.S.C.] § 455 is harmless, we consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." Id. at 645-46 (quotations, alterations omitted). Mr. Parkhurst's arguments for recusal rest primarily on the fact that the district court judge failed to give the class members notice and permitted Mr. Pevar to argue against the Rule 60(b) motion. Having rejected both of those arguments, we conclude that none of the risks outlined in

<u>Higganbotham</u> is present in this case.  Thus, an error by the district court judge in not recusing himself would have been harmless under the circumstances of this case.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of the Rule 60(b) motion for relief from judgment; AFFIRM the district court's denial of the motion for appointment of new counsel and DENY the renewed motion on appeal for appointment of counsel; AFFIRM the district court's denial of the motion for recusal of the district court judge; and DENY the request for expansion of the record.

We remind Mr. Parkhurst that, although the district court granted him *in forma pauperis* status, he remains obligated to continue making partial payments until the entire fee is paid.  We further remind him of the need to pay past filing fees or risk having his future appeals dismissed.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge