FILED
United States Court of Appeals
Tenth Circuit

January 27, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff − Appellee,

v.

LEONARD G. PAGE, JR.,

    Defendant − Appellant.

No. 15-8091
(D.C. Nos. 2:13-CV-00014-ABJ &
2:08-CR-00006-ABJ-1)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **HARTZ** and **BACHARACH**, Circuit Judges.

Leonard G. Page, Jr., proceeding pro se,[1] seeks a certificate of appealability

(COA) to challenge the dismissal of his unauthorized second or successive motion to

vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* 28 U.S.C.

§ 2253(c)(1)(B) (requiring a COA to appeal from a "final order in a proceeding under

section 2255"). Mr. Page also appeals the district court's denial of his motion for

counsel, and he renews his request for appointment of counsel in this court. For the

---

[*]     This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]     We liberally construe Mr. Page's pro se materials but do not act as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

reasons that follow, we deny a COA with respect to the district court's dismissal and affirm the district court's denial of counsel.[2] We also deny the renewed motion for counsel and dismiss this appeal.

I.

Mr. Page is serving a life sentence after a jury convicted him of conspiracy to possess with intent to distribute and conspiracy to distribute fentanyl, resulting in death. 21 U.S.C. §§ 846 and 841(a)(1) and (b). On direct appeal, Mr. Page claimed there was insufficient evidence to support his conviction, but we rejected that argument and affirmed his conviction, *United States v. Page*, 317 F. App'x 806, 813 (10th Cir. 2009) (unpublished). Mr. Page subsequently filed a § 2255 motion, insisting there was insufficient evidence to support his conviction and also claiming his counsel rendered ineffective assistance in failing to interview his sister and elicit her testimony. Additionally, Mr. Page claimed his sentence was void for vagueness. The district court denied those claims and also denied a COA. Mr. Page then filed a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), but the district court denied that motion as well. Mr. Page applied to this court for a COA, claiming his counsel was ineffective in failing to call his sister to testify, but we denied a COA, ruling "[i]t is unlikely that [his sister's] testimony would have been credible." *United States v. Page*, 480 F. App'x 902, 907 (10th Cir. 2012) (unpublished).

---

[2]     Mr. Page need not obtain a COA to appeal the district court's denial of the motion to appoint counsel. *See Harbison v. Bell*, 556 U.S. 180, 183 (2009).

Returning to the district court, Mr. Page filed in January 2013 what he now acknowledges was a second or successive § 2255 motion. He claimed ineffective assistance of counsel and actual innocence based on newly discovered evidence: statements from his sister and brother-in-law. He also requested that the court appoint counsel for him. Meanwhile, Mr. Page filed in this court a motion for authorization to file a second or successive § 2255 motion, referencing potential testimony from his sister and brother-in-law, but we denied the motion because he failed to explain how this asserted evidence was newly discovered and established his innocence. *See In re Page*, No. 13-8050 (10th Cir. June 17, 2013). Thereafter, the district court took up Mr. Page's still-pending second or successive § 2255 motion and recognized it lacked jurisdiction because the motion was unauthorized; the court thus analyzed whether it would be in the interests of justice to transfer the motion to this court and ultimately concluded it would not. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) (explaining that absent jurisdiction, a district court has discretion to transfer unauthorized § 2255 motions to this court if it is in the interest of justice to do so). Consequently, the district court dismissed the proceeding and denied a COA. Mr. Page now seeks a COA to appeal the district court's dismissal. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) ("[T]he district court's dismissal of an unauthorized § 2255 motion is a final order in a proceeding under section 2255 such that § 2253 requires petitioner to obtain a COA before he or she may appeal." (internal quotation marks omitted)).

A COA is a jurisdiction prerequisite to appeal.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires the applicant to show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, no reasonable jurist could debate the district court's dismissal of Mr. Page's unauthorized second or successive § 2255 motion.  "Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."  *Cline*, 531 F.3d at 1250 (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)).  When presented with an unauthorized second or successive § 2255 claim, a "district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction."  *Id.* at 1252.

Mr. Page does not dispute that he filed a second or successive § 2255 motion.  *See* COA App. at 1 ("This motion was a second motion following [the] initial § 2255

filed previously.").[3] Nor does Mr. Page contend the district court should have transferred the motion to this court. Instead, he contends the district court violated his rights by dismissing the motion without appointing counsel. But absent authorization from this court to consider the motion as required by § 2255(h), which Mr. Page apparently understood given his previous request for authorization, the district court was unquestionably correct in dismissing Mr. Page's unauthorized second or successive § 2255 motion.

Accordingly, we deny a COA and dismiss this appeal. Although Mr. Page asserts he should have been appointed counsel because he was unable to competently present his claims, given the patently successive nature of his § 2255 motion, the district court did not abuse its discretion in denying the motion for appointment of counsel. *See* 28 U.S.C. § 2255(g); *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001) (weighing discretionary factors). For the same reason, we deny Mr. Page's renewed motion for appointment of counsel on appeal. Finally, Mr. Page's motion to proceed without prepayment of costs and fees is denied because he failed to submit a certified statement of his inmate trust fund account as required

---

[3] Although Mr. Page acknowledges the successive nature of his § 2255 motion while maintaining his actual innocence, he does not contend that § 2255 provides an "inadequate or ineffective" remedy to challenge his conviction. *See* 28 U.S.C. § 2255(e); *Brace v. United States*, 634 F.3d 1167, 1169-70 (10th Cir. 2011). Instead, he nominally asserts he is "actually innocent" in challenging the sufficiency of the evidence underlying his conviction. Thus, Mr. Page's arguments do not make a colorable claim under 28 U.S.C. § 2241 pursuant to the savings clause of § 2255(e). *See Cleaver v. Maye*, 773 F.3d 230, 232 (10th Cir. 2014).

by 28 U.S.C. § 1915(a)(2).  *See Green v. Nottingham*, 90 F.3d 415, 417 (10th Cir. 1996) (recognizing that the court cannot grant leave to proceed without prepayment of fees and costs where inmate fails to submit a certified inmate trust fund account statement).

Entered for the Court

ELISABETH A. SHUMAKER, Clerk