**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 19, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SANFORD B. SCHUPPER,

    Plaintiff - Appellant,

v.

ROBYN CAFASSO; WILLIAM EDIE;
JEANIE SMITH; DAVID ZOOK; JOHN
NEWSOME; DAN MAY; LINDA DIX;
RAYMOND SANTISTEVAN; RONALD
WILKINS; ANDREA WALTON; DEBBI
PARR; JOHN RUSZCZYK, All in their
individual and official capacities; JOHN
DOE; JANE DOES; DOES I-X,

    Defendants - Appellees.

No. 17-1037
(D.C. No. 1:10-CV-01853-WYD-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.
_____

Pro se litigant Sanford Schupper appeals from the district court's adverse final

judgment. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

The parties are familiar with the lengthy procedural history of this case.  We therefore summarize only the events most relevant to our disposition.  In 2010, Schupper filed a complaint and several supplemental complaints in the district court, asserting a number of state and federal claims against district attorneys, investigators, and probation officers involved with his prosecution for and conviction of various crimes in Colorado state court.  Defendants moved to dismiss, and Schupper twice sought appointed counsel.  In 2011, the district court, adopting a magistrate judge's report and recommendation to which Schupper had filed no objections, dismissed with prejudice (1) all state-law claims because Schupper failed to comply with the Colorado Governmental Immunities Act and (2) the state-law claims in their entirety and all official-capacity federal claims for monetary damages based on Eleventh Amendment immunity.  Under *Younger v. Harris*, 401 U.S. 37 (1971), the court abstained from considering Schupper's federal, individual-capacity claims for monetary damages, dismissed without prejudice his federal claims for equitable relief, and administratively closed the case pending a showing by Schupper of good cause to reopen after his state criminal proceedings became final.  The court denied as moot Schupper's motions for appointed counsel.

Thereafter, Schupper belatedly claimed he never received the magistrate judge's recommendation and sought an opportunity to file an out-of-time motion for reconsideration of the dismissal and administrative-closure order.  He also renewed his request for appointed counsel, claiming he lacked the necessary legal skills.  The

2

district court reopened the case and granted Schupper's request to file a motion for reconsideration. However, despite obtaining numerous extensions of time, including one the district court warned would be his last, Schupper never filed a motion for reconsideration. He instead sought yet another extension of time. The court denied that request, denied the request for appointed counsel, and again administratively closed the case in March 2013.

The case was reopened in 2015, after Schupper's state criminal proceedings had ended. Schupper again asked the court to appoint counsel. A magistrate judge denied that request because she was not persuaded that the merits or complexity of the case warranted appointment of counsel, or that counsel was necessary to allow Schupper to pursue his claims to the extent they had merit. Schupper moved for reconsideration of that order, submitting a doctor's letter (under seal) stating that due to a medical condition, preparation of this case was detrimental to Schupper's health, he was unable to perform the necessary cognitive work, and he could not effectively represent himself. The magistrate judge denied the motion, reiterating her view that the merits of the case did not warrant appointment of counsel. She also found that Schupper's involvement in numerous other cases in the past indicated that he was familiar with the litigation process and that "the unspecified nature of the interrelationship of [his] cases and [his] course of conduct in prior litigation" suggested that the court would be unlikely to find an suitable *pro bono* attorney to represent him. ECF No. 206 at 3.

Meanwhile, defendants filed two motions to dismiss Schupper's remaining federal claims against them in their individual capacities for monetary damages. Schupper filed no response to either dismissal motion, but he did claim that due to his medical condition, he was unable to respond to one of the motions. The magistrate judge recommended granting the motions to dismiss based on absolute prosecutorial immunity (as to all but a portion of one claim against the district attorney defendants) and Schupper's failure to adequately plead the personal participation required for his 42 U.S.C. § 1983 claims (as to all other claims and all defendants).

Schupper filed a motion stating that he "object[ed] to the . . . Magistrate Judge['s recommendation]," but he asked for a 90-day extension to file a proper objection on the ground that his disability prevented him from timely doing so. ECF No. 231 at 2. He again requested appointed counsel and provided a second letter from his doctor that was substantially similar to the first. The magistrate judge granted a 30-day extension and denied Schupper's request for counsel, stating that although the court was sensitive to his health issues, it had to balance empathy with the court's limited resources for providing *pro bono* counsel. The magistrate judge then reiterated her previous rationales for denying appointed counsel and added that although Schupper claimed

> he was unable to open the envelope containing the Motions to Dismiss that were the subject of this court's Recommendation, he was nonetheless able to review the Recommendation to come to the conclusion that he objected to it and to file [a] properly formatted motion for extension of time that

4

> complied with the applicable rules prior to the expiration of the
> fourteen-day time period during which he could file an objection.

ECF No. 236 at 5.

Schupper objected to the magistrate judge's denial of counsel. The district court overruled those objections, finding that Schupper had been able to respond cogently to the magistrate judge's orders and recommendations (and to the district judge's own orders) despite his contrary protestations and his doctor's opinion. The court did, however, grant Schupper three additional extensions of time (a total of more than four additional months from the extension the magistrate judge granted) to file objections to the recommendation.[1]

Despite the court's warnings that its final extension would be the last and that any filing other than an objection would be stricken, Schupper again asked for reconsideration of his request for counsel, reiterating that his disability prevented him from filing objections. He did not file any objections to the dismissal recommendation. The district court reaffirmed its previous findings that Schupper's filings did not reflect the level of disability he claimed, denied reconsideration of the refusal to appoint counsel, and adopted the magistrate judge's recommendation to

---

[1] During the course of the district court proceedings, Schupper filed several interlocutory appeals to this court, including appeals from (1) the magistrate judge's order denying appointed counsel and (2) the district court's orders overruling his objection to that order and denying reconsideration of its order overruling his objections to the magistrate judge's order. This court dismissed all his interlocutory appeals for lack of jurisdiction.

5

dismiss. Accordingly, the court dismissed the claims against the defendants and terminated the case.

## II. DISCUSSION

Even affording Schupper's pro se filings the liberal construction they are due, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008), we find no argument in his appellate brief that the district court erred in dismissing his claims. In fact, Schupper recognizes that, under this court's firm waiver rule, his conclusory, one-sentence objection to the magistrate judge's second dismissal recommendation (he filed no objections to the first) was insufficient to preserve appellate review. With that much we agree. This circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Wirsching v. Colorado*, 360 F.3d 1191, 1197 (10th Cir. 2004) (internal quotation marks omitted). "[The] rule provides that the failure to make timely objection . . . waives appellate review of both factual and legal questions." *Id.* (internal quotation marks omitted). And a generalized objection like the one Schupper made here is insufficient. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (holding that a party's objections to a magistrate judge's recommendation "must be both timely and specific to preserve an issue for . . . appellate review," and the litigant's two-sentence, generalized objection, asking only that the district court "reconsider" the recommendation, was insufficient).

We recognize that the firm waiver rule does not apply (1) when a pro se litigant was not notified "of the time period for objecting and the consequences of

6

failing to object," (2) "when the interests of justice warrant," or (3) when the party that failed to object "makes the onerous showing required to demonstrate plain error." *Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir. 2006) (internal quotation marks omitted). But the first and third exceptions do not apply here—Schupper received the required notifications, and he has not attempted to make a showing of plain error, *see Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011) ("[T]he failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court."). Instead, Schupper cites his medical condition as the reason he failed to object to the magistrate judge's dismissal recommendations, and he faults the district court for refusing to appoint counsel for him. We construe this as both a free-standing argument about the refusal to appoint counsel and an effort to invoke the interests-of-justice exception to the firm waiver rule.[2] We reject both arguments.

"We review the denial of appointment of counsel in a civil case for an abuse of discretion." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). An abuse of discretion occurs when a court acts "arbitrarily or not at all," makes a legal error, or "relies on clearly erroneous factual findings." *Farmer v. Banco Popular*, 791 F.3d 1246, 1256 (10th Cir. 2015). In determining whether to appoint counsel, the district court should consider a variety of factors, "including the merits of the litigant's

---

[2] Concerned that Schupper's failure to file timely, specific objections to the magistrate judge's recommendations might affect our appellate jurisdiction, this court ordered him to address whether he had waived appellate review. In his response, he also argued for application of the interests-of-justice exception.

claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks*, 57 F.3d at 979 (internal quotation marks omitted).

As described above, both the magistrate judge and the district judge considered the appropriate factors and provided well-reasoned explanations for refusing to appoint counsel. Schupper has not pointed to any legal error, nor has he shown reliance on clearly erroneous factual findings. Hence, we see no abuse of discretion in their rulings.

In considering whether, in the interests of justice, we should overlook Schupper's failure to file timely, specific objections to the magistrate judge's dismissal recommendations, we consider "a pro se litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Morales–Fernandez v. INS*, 418 F.3d 1116, 1120 (10th Cir. 2005). Here, Schupper made no effort to file objections but instead repeatedly sought—and was granted—extensions of time to do so while continuing to ask for appointed counsel. And because we have found no abuse of discretion in the district court's failure to appoint counsel, his explanation for failing to file timely and specific objections lacks force and plausibility. Finally, the district court's dismissal rulings show that Schupper's claims were fundamentally flawed as a matter of well-established law. We therefore conclude that the issues raised are not so important that the interests of justice require us to excuse Schupper's failure to file timely, specific objections to the magistrate judge's dismissal recommendations. We

8

therefore enforce the firm waiver rule and affirm the district court's judgment. *See*

*Handy v. City of Sheridan*, 636 F. App'x 728, 733 (10th Cir. 2016) (explaining that

despite a failure to object to a magistrate judge's recommendation subsequently

adopted by the district court, "this court has jurisdiction to review the district court's

order," but has discretion in whether to apply the firm waiver rule).[3]

## CONCLUSION

The district court's judgment is affirmed. Schupper's motion for appointed

appellate counsel is denied. Schupper's motion to proceed on appeal without

prepayment of costs and fees is granted, and we remind him of his obligation to pay

all filing and docketing fees in full. *See* 28 U.S.C. § 1915(a)(1) (excusing only

"*prepayment*" of such fees (emphasis added)). Mr. Schupper's motion to submit

medical documents under seal, filed March 3, 2017, is granted.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[3] Because *Handy* is unpublished, we cite it only for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

9