FILED
United States Court of Appeals
Tenth Circuit

July 14, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANGEL QUINTANA,

      Petitioner-Appellant,

v.

TRAVIS TRANI; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents-Appellees.

No. 19-1195
(D.C. No. 1:15-CV-01569-PAB)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HOLMES**, **MURPHY**, and **CARSON**, Circuit Judges.

Pro se Petitioner-Appellant Angel Quintana,[1] a Colorado state prisoner,

seeks a certificate of appealability ("COA") to challenge the district court's denial

of his petition under 28 U.S.C. § 2254. He also appeals from the denial of his

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1] Because Mr. Quintana is proceeding pro se, we construe his filings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *accord Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but "we will not 'assume the role of advocate,'" *United States v. Parker*, 720 F.3d 781, 784 n.1 (10th Cir. 2013) (quoting *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008)).

motion for appointment of counsel and seeks leave to proceed *in forma pauperis* ("IFP"). Mr. Quintana, however, does not make any arguments in his briefing challenging the merits of the district court's denial of his § 2254 petition. Instead, his only argument on appeal is that the district court's order denying his motion to appoint counsel violated his due-process rights. Accordingly, exercising jurisdiction under 28 U.S.C. § 1291, we **deny** Mr. Quintana a COA and, insofar as his appeal relates to the district court's resolution of his § 2254 petition, **dismiss** the matter. As for the court's order denying Mr. Quintana's motion for appointment of counsel, we **affirm**.[2] We **deny** Mr. Quintana's motion to proceed IFP.

## I

Following a jury trial, Mr. Quintana was convicted in a Colorado court of criminal attempt to commit reckless manslaughter, first-degree assault, and two counts of second-degree kidnapping with a deadly weapon. He was sentenced to forty-eight years' imprisonment. On direct appeal, the Colorado Court of Appeals

---

[2] Mr. Quintana "need not obtain a COA to appeal the district court's denial of [his] motion to appoint counsel." *United States v. Page*, 636 F. App'x 447, 448 n.2 (10th Cir. 2016) (unpublished) (citing *Harbison v. Bell*, 556 U.S. 180, 183 (2009)); *see also Harbison*, 556 U.S. at 183 (holding that a COA is not required to appeal the denial of a motion to appoint counsel because 28 U.S.C. § 2253(c)(1)(A) only requires a COA for appeals of "final orders that dispose of the merits of a habeas corpus proceeding" and "[a]n order that merely . . . denies a motion for appointment of counsel . . . is not such an order").

2

affirmed the conviction, and the Colorado Supreme Court denied certiorari. Mr. Quintana's motion for state post-conviction relief was also denied by the state trial court. The Colorado Court of Appeals affirmed the denial, and the Colorado Supreme Court once again denied certiorari.

Mr. Quintana then filed a pro se § 2254 petition in federal district court, raising approximately thirty-six claims for relief. The district court dismissed several of the claims as procedurally defaulted before granting Mr. Quintana's motion to stay, giving him time to exhaust several ineffective-assistance claims.

Once the § 2254 proceedings resumed, the district court considered the following claims: (1) the state trial court violated Mr. Quintana's speedy-trial rights, (2) the prosecution failed to prove beyond a reasonable doubt that Mr. Quintana committed second-degree kidnapping against one of the victims, (3) the trial court entered inconsistent verdicts on both reckless and intentional mental states for the same act against the same victim, (4) his Sixth Amendment right to counsel was violated because his trial counsel had a conflict of interest, and (5) he received ineffective assistance of counsel on various grounds, including counsel's alleged failure to adequately investigate his case and effectively cross-examine certain witnesses.

The district court rejected claim one and many ineffective-assistance-of-counsel subclaims because they were procedurally barred. It rejected claims two,

3

three, four, and the rest of the ineffective-assistance-of-counsel subclaims because the state court's determinations as to those claims were not contrary to or an unreasonable application of federal law as determined by the Supreme Court. Consequently, the district court denied the § 2254 petition and dismissed the action with prejudice.

The district court also denied a COA and leave to proceed IFP on appeal, certifying pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith. Moreover, during the course of his habeas proceedings, Mr. Quintana sought appointment of counsel, and the district court denied the motion as premature. Upon entry of final judgment, Mr. Quintana appealed.

## II

Before turning to the merits, we must first determine whether Mr. Quintana's notice of appeal ("NOA") is timely. Mr. Quintana's NOA was dated one day before the filing deadline, but was *filed* five days after the deadline. This court ordered Mr. Quintana to show cause why his appeal should not be dismissed for lack of appellate jurisdiction due to the untimely filing of the NOA. The order invited Mr. Quintana to resolve the timeliness issue by availing himself—if appropriate and applicable—of the prison mailbox rule.

Under the prison mailbox rule, a notice of appeal is timely—regardless of when it was received by the court—so long as it was deposited in the prison mail

system on or before the filing deadline, and:

    **(A)** it is accompanied by:

        **(i)** a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of deposit and stating that first-class postage is being prepaid; or

        **(ii)** evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or

    **(B)** the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i).

FED. R. APP. P. 4(c)(1).

Our order advised Mr. Quintana that he could file a supplement to his NOA, declaring under penalty of perjury that it was placed in the prison mail system on or before the deadline, with first-class postage prepaid. Mr. Quintana filed such a supplement, declaring under penalty of perjury that he placed his NOA in the prison mail system on May 23, 2019—before the filing deadline—with first-class postage prepaid.

We thus permit the filing of Mr. Quintana's declaration—which complies with the requirements of Rule 4(c)(1)(A)(i)—and accordingly deem his NOA timely. *See Carney v. Okla. Dep't of Pub. Safety,* 875 F.3d 1347, 1350–51 (10th Cir. 2017) (exercising discretion under Rule 4(c)(1)(B) to permit the later filing of a declaration complying with Rule 4(c)(1)(A)(i) and treating the appeal as

timely, where the prisoner's NOA was dated the same day as the filing deadline, but wasn't filed until six days later).

## III

## A

We lack jurisdiction to consider the merits of a petitioner's § 2254 appeal unless he first obtains a COA. *See* 28 U.S.C. § 2253(c)(1)(A). We may only issue a COA "if the [petitioner] has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "To make this showing, an applicant must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *United States v. Lewis*, 904 F.3d 867, 870 (10th Cir. 2018) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Mr. Quintana does not challenge the merits of the court's resolution of his § 2254 petition. Instead, his sole argument on appeal is that the district court's order denying his motion to appoint counsel violated his due-process rights. Thus, he has waived any challenge to the district court's denial of his § 2254 petition. *See Lockett v. Trammell*, 711 F.3d 1218, 1230 (10th Cir. 2013) (holding that petitioner had waived an issue on appeal because he failed to raise it in his opening brief); *United States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003)

6

(holding that petitioner had waived a claim "because he failed to address [it] in either his application for a COA or his brief on appeal"); *see also Mathews v. McKune*, 133 F. App'x 512, 514 (10th Cir. 2005) (unpublished) (holding that petitioner's claim had been abandoned on appeal because, although he "briefly assert[ed]" it in his "motion for a COA," he "d[id] not brief the issue"). As a consequence, Mr. Quintana has failed to make a substantial showing of the denial of a constitutional right, and we must deny his application for a COA.

**B**

Mr. Quintana's challenge to the district court's order denying his motion for appointment of counsel also fails. Mr. Quintana has no constitutional right to counsel beyond his direct appeal, and "generally appointment of counsel in a § 2254 proceeding is left to the [district] court's discretion." *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). The district court's denial of counsel "will not be overturned unless it would result in fundamental unfairness impinging on due process rights." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (quoting *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir. 1981) (per curiam), *abrogated on other grounds by Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)).[3]

---

[3]     In *Farmer*, the Seventh Circuit abrogated *Maclin*'s multifactor test for whether a court abused its discretion in denying an indigent's motion for appointment of
(continued...)

7

"In determining whether to appoint counsel, the district court should consider a variety of factors, including [1] the merits of the litigant's claims, [2] the nature of the factual issues raised in the claims, [3] the litigant's ability to present his claims, and [4] the complexity of the legal issues raised by the claims." *Id.*; *accord Skinner v. Uphoff*, 175 F. App'x 255, 260–61 (10th Cir. 2006) (unpublished); *see Willis v. FBI*, 274 F.3d 531, 533 (D.C. Cir. 2001).

Mr. Quintana's argument focuses on the third *Long* factor—that is, the litigant's ability to present his claims. Mr. Quintana argues that, because he has no legal training and only a seventh-grade education, he was unable to present his claims effectively. Thus, he contends, the district court's decision to deny him counsel effected an unconstitutional deprivation of his due-process rights. The principal trouble with this argument, however, is that the district court never reached the merits in denying Mr. Quintana's motion for appointment of counsel.

---

[3](...continued)
counsel under 28 U.S.C. § 1915, stating that "the multiple factors of *Maclin* . . . collapse upon inspection" and that "the necessary inquiry is simpler than *Maclin*'s multi-factorial approach implies." 990 F.2d at 321–22; *see id.* at 322 (holding that the proper inquiry asks instead, "[G]iven the difficulty of the case, did the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel have made a difference in the outcome?"). We, however, adopted *Maclin*'s multifactor test in *Long*, 927 F.2d at 527 (citing *Maclin*, 650 F.2d at 887–89), and it remains the law of our circuit. *See, e.g.*, *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995); *Peoples v. Baker*, 795 F. App'x 610, 613 (10th Cir. 2020) (unpublished); *Schupper v. Cafasso*, 708 F. App'x 943, 947 (10th Cir. 2017) (unpublished); *see also Farmer*, 990 F.2d at 322 (recognizing that we adopted the *Maclin* test in *Long*).

Instead, it simply denied the motion as premature.[4]  And Quintana makes no attempt to explain why the motion was not premature.

In *Flute v. United States*, 723 F. App'x 599 (10th Cir. 2018) (unpublished), a panel of this court declined to even consider such a deficient challenge to a district court's denial of a motion for appointment of counsel as premature.  *See id.* at 602 (declining to address Flute's argument that the magistrate judge erred in denying Flute's motion to appoint counsel where (1) the magistrate judge only denied the motion as premature, and (2) Flute did not offer an explanation as to why the motion was *not* premature).  And that course of action certainly was appropriate because "[t]he first task of an appellant is to explain to us why the district court's decision was wrong."  *Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015).

---

[4]  The court entered this order at the same time that it stayed the habeas proceedings to give Mr. Quintana time to exhaust certain ineffective-assistance claims in state court.  There is no indication in the record that, at the time the court resumed the habeas proceedings, Mr. Quintana renewed his motion for appointment of counsel.  Notably, prior to this district court order, a magistrate judge had twice denied motions by Mr. Quintana for appointment of counsel on the same basis: that is, the motions were deemed premature.  Mr. Quintana did not file objections to these orders with the district court.  Therefore, insofar as he seeks to challenge those magistrate-judge orders in this appeal, we lack jurisdiction to consider any such challenges.  *See, e.g.*, *Utah v. Gollaher*, 804 F. App'x 947, 951 (10th Cir. 2020) (unpublished); *Wishneski v. Dona Ana Cty.*, 498 F. App'x 854, 863 (10th Cir. 2012) (unpublished).

Just as in *Flute*, Mr. Quintana fails to explain why the district court was wrong to deny his motion for appointment of counsel as premature. Consequently, we hold that Mr. Quintana has waived any argument that the district court abused its discretion by denying his motion as premature and decline to consider whether denying the motion on the merits would have constituted a violation of his constitutional rights. Accordingly, we uphold the district court's order.

**IV**

While the district court certified that any appeal would not be taken in good faith, this court may still grant Mr. Quintana's motion to proceed IFP. *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007) ("[A] party who seeks [IFP] status and is certified by the district court as not appealing in good faith may nonetheless move this court for leave to proceed on appeal [IFP] pursuant to the mechanism set forth in [Federal] Rule [of Appellate Procedure] 24(a)(5)."). However, in such a scenario, "we will only grant pauper status if we conclude that the appeal contains a non-frivolous argument." *Allen v. Falk*, 624 F. App'x 980, 986 (10th Cir. 2015) (unpublished); *see also Rolland*, 497 F.3d at 1079 (considering, then denying, a party's motion to proceed IFP, after the district court had certified that the appeal was not taken in good faith, because the party failed to raise a non-frivolous argument).

For purposes of the IFP statute, "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Requena v. Roberts*, 893 F.3d 1195, 1209 (10th Cir. 2018) (applying that definition to call "an argument" frivolous). Because Mr. Quintana (1) waived any challenge to the merits of the district court's denial of his § 2254 petition, and (2) did not even attempt to explain why denying his motion for appointment of counsel as premature was an abuse of discretion, we hold that this appeal lacks an arguable basis in law and fact and is therefore frivolous. As a result, Mr. Quintana's motion for leave to proceed IFP is denied.

## V

Based on the foregoing, we **DENY** Mr. Quintana a COA and **DISMISS** this matter, insofar as it challenges the district court's denial of Mr. Quintana's § 2254 petition. We **AFFIRM** the district court's order denying Mr. Quintana's motion for appointment of counsel and **DENY** him IFP status.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge

11